Whaley, Judge,
delivered the opinion of the court:
In response to an advertisement for bids, the plaintiff submitted a proposal for the construction of nurses’ quarters, Army Medical Center, Washington, D. C. The specifications provided that work should commence within ten days after formal notice to jjroceed with the work. On November 8,1928, the defendant notified the plaintiff that its proposal had been accepted. In this letter awarding the contract to plaintiff, the defendant stated “this letter will constitute, your official notification to proceed with the work, the date for completion being two hundred and thirty (230) calendar days from the date of receipt of this communication. It is therefore requested that you acknowledge receipt of this letter by wire.” On November 12, 1928, plaintiff acknowledged receipt of the instructions to proceed with the work. The contract was sent to plaintiff on the tenth and executed and returned to defendant on the sixteenth. A copy of the contract was returned to plaintiff on November 30, 1928. The plaintiff proceeded with the work on November 12, 1928, when its superintendent arrived, and from then on continued to perform the contract and the building finally was accepted on November 16, 1929. The completion and acceptance date was 139 days beyond the 230 days provided in the contract, taking the 12th of November 1928 as the date on which the time limit commenced to run. However, the defendant, in final settlement, allowed 91 days for extra work and only assessed liquidated damages for 48 days in the sum of $2,400. The plaintiff contends the time limit commenced to run only from the receipt of the contract, duly signed by both parties on November 30, 1928, and these 18 days should not have been included in the number of delay days. The plaintiff, in making its bid, agreed to proceed with the work within ten days from the *583 notification to proceed, and, when the notice was received, promptly entered upon the premises and connnenced work. The only right plaintiff had to enter the premises and commence work was under the letter oí notification of the award of the contract, in which letter was also the notification to proceed with the work. Whatever rights the plaintiff may have had to wait until the formal contract was executed and the notice given under it were waived when it accepted the notice, entered the premises, and proceeded with the work. There is no contention that any provision in the contract, when finally executed, changed or altered this notification. The plaintiff acceded to, acted under, and acquiesced in this commencement date until the completion of the contract, and the assertion of a different date is made in this suit for the first time. No hardship or injury is alleged by the plaintiff which flowed from or was occasioned by this date of commencement. The evidence is clear that the plaintiff was ready and prepared to go to work and actually did commence on the day of notification. Having accepted the date fixed by the defendant, it is bound by its own act. Compare Sun Shipbuilding Co. v. United States, 76 C. Cls. 154. No recovery can be had on this item.
The second claim is for delay in finishing and installing certain electric light fixtures. This was extra work provided for under the contract and for which plaintiff made a bid which was accepted. Subsequently plaintiff requested 15 days’ extension for the installation of the fixtures. The contracting officer refused the extension request. No appeal from his decision was taken. The decision under the terms of the contract became final and conclusive upon failure to take an appeal. No recovery can be had on this item.
The third claim is for rechromium plating plumbing fixtures. It appears that the water-closet fixtures were of chromium plate and duly installed by the plaintiff during the progress of construction. However, final acceptance was in abeyance. The plaintiff, in order to protect the fixtures, covered them with a coating of petroleum jelly. During the period from the installation of these fixtures to final acceptance, these toilets were constantly used by plaintiff’s workmen and the Government inspectors and, as a result, *584 the plaintiff was required to replate these fixtures and seeks recovery of this amount and an allowance of liquidated damages because of the extra time in performing .the work. Article 2 of the contract provides that upon completion of the contract the work shall be 'delivered complete and undamaged, and article 16 (c) makes it the duty of the contractor to protect all material until final acceptance. The use of the toilets before final acceptance was entirely within the control of the contractor and the method of protection , within his discretion. The. failure of the method of protection taken by it cannot be imputed to the defendant. ■ The contracting officer’s refusal to allow remissibn of days for delay is- conclusive .and final. No appeal has been taken from his decision. No recovery can be had on this item.
The petition is-dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Geebn, Judge; and Booth, Chief Justice.